Dear Judge Sachse:
This office is in receipt of your letter in which you request an opinion regarding the issue of whether an individual employed by the Livingston Parish Sheriff's Office as a full-time patrol deputy may simultaneously hold the elected office of constable of Ward 1 of Livingston Parish? It is the opinion of our office that one may not simultaneously hold these two positions.
In July of 1992 this office released Attorney General Opinion 92-471, in which the author characterized a deputy sheriff as holding a position of employment for purposes of the Louisiana Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61,et seq. The opinion was in conformity with two opinions released during a prior administration, specifically, Attorney General Opinions 82-716 and 79-1206.
Subsequent to the issuance of Opinion 92-471, this office reconsidered our determination and then found that the correct legal conclusion to be drawn is that a deputy sheriff holds appointive office as opposed to employment. The position of deputy sheriff in the parish is an "appointive office" under LSA-R.S. 42:62(2) because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment . . . by an elected . . . public official" as defined therein.
The law establishing and authorizing the position of deputy sheriff is found within LSA-R.S. 33:1433, providing:
 § 1433. Appointment, oath, and bond of deputies
 A. (1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
 (2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. Their appointment and oath must be entered on the records of the court. In addition to taking the oath of office, the said deputies shall, before commencing upon the discharge of their duties, each furnish a bond in the sum of five thousand dollars, with good and solvent sureties in favor of the sheriff appointing the said deputy, and the public, for the faithful performance of their duties . . . . (Emphasis added).
As is required by the definition of "appointive office" under LSA-R.S. 42:62(2), the position of deputy sheriff is (1) created under statutory authorization, and (2) is filled by appointment by the sheriff. Our adherence to this interpretation was reflected in opinions released shortly after Opinion 92-471, and was further reiterated on several occasions subsequent to that time, as noted in the opinions paraphrased below:
(1) Opinion 92-623
The mayor of a municipality may not, at the same time, serve as a full-time deputy sheriff for the parish, under Louisiana's dual officeholding laws, as such situation contravenes the prohibition against the holding of local elective office and the full-time appointive office of deputy sheriff.
(2) Opinion 93-64
A police juror may not simultaneously serve as an appointed commissioned deputy sheriff who is also the appointed director of a communications district whose commissioners are appointed by the police jury on which he serves.
(3) Opinion 93-63
Again, the opinion characterized a deputy sheriff as an appointed office, although the simultaneous holding of the offices considered was prohibited on an unrelated basis.
(4) Opinion 93-45
Holding again that an individual may not simultaneously hold local elective office and the full-time appointive position of deputy sheriff.
(5) Opinion 93-217
Holding again that the position of deputy sheriff is an appointive office.
(6) Opinion 93-549
Deputy sheriff is appointed and paid by the sheriff.
(7) Opinion 96-90
It is impermissible for an individual to hold the local elective office of justice of the peace and the full-time appointive office of deputy sheriff.
(8) Opinion 96-236
It is impermissible for an individual to hold the local elective office of constable and full-time appointive office of deputy sheriff.
As is readily apparent from the foregoing, this office has consistently adhered to this conclusion over several years subsequent to the issuance of Opinion 92-471, and unfortunately, through administrative oversight, that opinion and its predecessors were not formally recalled as no longer the legal conclusion of the office. We do consider Opinions 92-471, 82-716, and 79-1206 to be at least tacitly recalled considering the abundance of current opinions drawing a different conclusion. In order to clarify our position on this point, we formally recall Opinions 92-471, 82-716 and 79-1206 as no longer reflective of the opinion of this office.
Note further that the prohibitions against the simultaneous holding of local elective office and appointive office extends only to the holding of full-time appointive office, as LSA-R.S. 42:63(D) provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The prohibitory language of LSA-R.S. 42:63(D) would prevent simultaneous holding of these offices where the position of deputy sheriff is held on a full-time basis, as defined within the Dual Officeholding and Dual Employment Law in LSA-R.S.42:62:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62 (4) and (5).
The law permits the holding of local elective office and appointive office on a part-time basis.
In conclusion, it is not legally permissible for an individual to hold the office of full-time patrol deputy of the Livingston Parish Sheriff's office while holding the elected office of constable for Ward 1 of Livingston Parish.
We trust this opinion has addressed your concerns. Please contact our office at your convenience if we may be of further service.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW/ams
Date Received: September 9, 1996
Date Released:
J. RICHARD WILLIAMS Assistant Attorney General